Judge Owsley
delivered the opinion of the court.
Brooks purchased of Cannon a negro man and gave him obligation to pay $475, the price agreed on by the parties
Brooks having failed to make payment, Cannon brought suit and recovered a judgment at law. To be released against that judgment and to obtain a recision of the contract, Brooks exhibited his bill in equity, alledging unsoundness in the negro, and a fraudulent concealment thereof by Cannon at the time of sale. The bill was afterwards dismissed for the want of prosecution, and another bill exhibited by Brooks, having in view the same object, and asking relief on the same grounds.
The alledged fraud was denied by the answer of Cannon, and the negro stated to be sound at the time of sale as far as he knew, and as he still believes.
An order of court was obtained by Brooks to use on the hearing of the latter bill, depositions which had been taken by him on the first bill; but on the hearing those depositions were objected to by Cannon on the ground of their not having been taken in this cause, and the objections were sustained by the court and the depositions excluded. Exceptions were taken to the decision of the court, and the depositions made part of the record.
A decree was finally pronounced, dismissing Brook’s bill with cost; and from that decree he has appealed to this court.
This court is of opinion the depositions should not have been excluded. They were taken between the same parties, in relation to the same matter, and in a contest involving precisely the same question and cause emphatically within the rule of chancery practice, which allows depositions taken in one cause to be read in another between the same parties.
But admitting those depositions to form part of the record, and giving to them in connection with the other evidence in the cause their due weight, we are satisfied the court correctly decreed a dismissal of Brook’s bill.
After the most careful and attentive examination of the various depositions contained in the record, we have been unable to discover any thing which can warrant the infer *526 ence that Cannon committed fraud in the sale of the negro. Some of the depositions, if considered abstractly from all others, might create a presumption against Cannon, but when taken in connection with the others, the weight of evidence preponderates, decidedly, against the inference of fraud
Pope for appellant, Crittenden for appellee.
Many of the witnesses appear to have had the most ample means of ascertaining and knowing the situation of the negro whilst he belonged to Cannon, and they have no hesitation in declaring the negro not to have been then unsound. Were it, however, conceded that those witnesses might have been mistaken as to the soundness of the negro, still their evidence is abundantly satisfactory to show, that if the negro labored under any unsoundness, it must have been of that obscure and hidden character that it would he presuming more than the evidence will authorise, to infer Cannon knew it.
The decree must be affirmed with cost and damages upon the damages decreed by the circuit court.